## CIRCUIT COURT OF FAIRFAX COUNTY

Cynthia Lee

v.

Fairfax County

November 12, 1992

Case No. (Law) 117919

BY JUDGE GERALD BRUCE LEE

This matter is before the Court on Cynthia Lee's appeal for a hearing. The issue is whether Lee's Complaint qualifies for a hearing and a final binding decision by the Fairfax County Civil Service Commission. The Court is of the opinion that Lee's Complaint is nongrievable and fails to qualify for a hearing and a final binding decision by the Commission.

The Record for Grievant's Appeal of Grievability indicates Lee followed the correct procedural process for her grievance. Lee contends that Fairfax County failed to promote her to the position of head teacher due to a misapplication of policies and procedures. Fairfax County contends that the County followed the correct policies and procedures in hiring the head teacher. The County asserts that it hired the teacher from the certification list.

The purpose of the grievance procedure is to provide a fair process wherein employees air complaints concerning issues related to their employment with the County. The procedure defines three types of complaints: (1) grievable, with a binding decision from the Commission; (2) nongrievable, but eligible for a hearing and an advisory decision from a hearing officer appointed by the Commission; and (3) non-grievable, with no hearing.

Pursuant to 17.4(d) of the Personnel Regulations of Fairfax County "failure to promote, except where the employee contends that established promotional policies or procedure were not followed or applied fairly" are non-grievable complaints with no hearing. Ac-

cording to this provision, proof of misapplication of policies or procedures must be produced to require a hearing by the Commission.

Lee's grievance "is from the heart" and sincere. Lee contends that she was best qualified and should have been promoted. The County response to Lee's allegation is that an individual was hired from the certification list. The County has the authority to hire from the certification list and the Court cannot second guess the County's judgment in this area in the absence of evidence demonstrating a failure to abide by proper procedure. Ms. Lee does not have hard evidence to support her allegations.

Lee's allegations of the County's misapplication of policies or procedures are insufficient to entitle her to a hearing by the Commission. Lee has not demonstrated that her complaint is grievable, accordingly, her complaint does not qualify for a hearing by the Commission.